**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alfonso Cervantes REYES,
Defendant–Appellant.**

No. 15-10365

United States Court of Appeals,
Ninth Circuit.

Submitted October 25, 2016 *

Filed November 1, 2016

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Brandon James Kimura, Esquire, Special Assistant U.S. Attorney, Office of the US Attorney, San Diego, CA, for Plaintiff–Appellee

James Fife, Attorney, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant

Before: LEAVY, GRABER, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Alfonso Cervantes Reyes appeals pro se from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The government objects to the timeliness of the appeal. Construing Cervantes Reyes's pro se filings liberally, *see Orona v. United States*, 826 F.3d 1196, 1199 (9th Cir. 2016), we treat his motion to vacate the district court's order denying his motion for a sentence reduction as a motion for reconsideration. So treated, Cervantes Reyes's notice of appeal was timely filed. *See United States v. Belgarde*, 300 F.3d 1177, 1180 (9th Cir. 2002) ("A motion for reconsideration is timely if it is filed within the time for appeal ... and an appeal is timely if it is filed within the time to appeal after the denial of the motion for reconsideration.")

Cervantes Reyes contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009). Assuming without deciding that

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Cervantes Reyes is eligible for a two-point reduction in his base offense level, the district court correctly concluded that Cervantes Reyes is ineligible for a sentence reduction under Amendment 782 because his sentence is already below the minimum of the amended Guidelines range. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range."). Cervantes Reyes's claims to the contrary are not cognizable in a section 3582(c)(2) proceeding. *See Dillon v. United States*, 560 U.S. 817, 826, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010) (section 3582(c)(2) does not permit a "plenary resentencing proceeding").

To the extent that Cervantes Reyes claims that the district court erred by failing to grant his motion for an extension of time to file a reply to the government's opposition to his motion for a sentence reduction, the district court did not abuse its discretion because Cervantes Reyes is not entitled to a sentence reduction. *See Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.